Anna Weidenmann, Administratrix, Appellee, v. Mount Hope Cemetery Association of Chicago, Appellant.

Gen. No. 20,360.  (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the HON. WILLIAM E. DEVER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed and remanded. Opinion filed June 17, 1915.

## Statement of the Case.

Action of assumpsit by Anna Weidenmann, administratrix of the estate of Jacob Weidenmann, deceased, against Mount Hope Cemetery Association of Chicago on a contract of employment. From a judgment for plaintiff, defendant appeals.

By the terms of the written contract the defendant appointed the plaintiff's intestate, Jacob Weidenmann (now deceased), its landscape engineer and gardener and superintendent of its cemetery grounds for a term of five years. The plaintiff's intestate entered upon his duties under the same on October 1, 1885. On June 14, 1886, the defendant discharged plaintiff's intestate from further service under the contract, and he brought an action in the Superior Court of Cook county on October 22, 1886, to recover damages for an alleged breach of the contract by the defendant. The case was heard before the court without a jury, the issues were found for the plaintiff and judgment was entered on the finding for $14,700. On appeal, the Appellate Court of the First District sustained the said judgment, but the judgments of the Superior and Appellate Courts were reversed by the Supreme Court, and the cause was remanded to the Superior Court for a new trial. (*Mt. Hope Cemetery Assn. v. Weidenmann*, 139 Ill. 67.) The cause was redocketed and on

February 6, 1893, Jacob Weidenmann died, and on September 24, 1895, by leave of court, Anna Weidenmann, plaintiff in the present action, was substituted as plaintiff in said cause. Thereafter the said action was dismissed for want of prosecution, and thereafter this action was brought. The declaration in the present action consisted of the common counts and a special count based on the alleged breach. The defendant filed a plea of the general issue and a plea of the Ten-Year-Statute of Limitations. The plaintiff filed a replication to the plea of the statute of limitations, alleging that in the former action she was involuntarily nonsuited on April 2, 1906, and that the present action was brought March 15, 1907, and within one year after the said nonsuit, and that it was brought for the same cause of action as the former one. To this replication the defendant filed a rejoinder, denying that the present action was brought for the same cause of action as the former one, and alleging that the former action was for other and different causes of action than the causes of action for which the present suit was brought. The plaintiff filed a sur-rejoinder, again asserting that the causes of action in the two suits were the same.

The defendant contended that the present action was barred by the statute of limitations. The suit was not begun until seventeen years after the termination of the contract of employment. The plaintiff, in her replication to the defendant's plea of the statute of limitations, alleged that the present action was brought within one year after the said nonsuit, and set out *in haec verba* two orders in the former action; one entered December 28, 1905, and the other April 2, 1906. The order of December 28, 1905, recited that the former suit was on that date, by stipulation of the parties, *passed, to be taken up on ten days' notice, within ninety days.* The order of April 2, 1906, recited that the former suit was on that date dismissed for want

of prosecution. Neither the allegation in the plaintiff's replication that the present action was begun within one year after the said nonsuit, nor the dates of entry, nor the terms, of the said orders in question, were in any way traversed by the defendant in its rejoinder to said replication.

The contract entered into provided in part as follows:

"*Third.* Said party of the first part further agrees to pay said party of the second part a salary of thirty-five hundred dollars ($3,500) per year, for the space of five years, commencing October 1, 1885, payable monthly on or before the tenth (10th) day of each month, for the services of the preceding month, during said term, or such portion of said term as the services of the said party of the second part may be satisfactory and rendered to said party of the first part.

"Fourth. Said party of the second part, in consideration of the agreements and payments aforesaid, hereby accepts the said appointment upon the terms, conditions and agreements herein contained, and agrees that his entire services, skill and abilities as landscape engineer and gardener and superintendent as aforesaid shall be given and devoted to the employment by, and the interests of the said party of the first part, during said term of five (5) years, and that he will promptly and faithfully do and perform all services pertaining to said positions, that are or may hereafter be required of him, by said party of the first part during said term.    *   *   *

"Sixth. In case of any substantial breach of any or either of the terms of this contract by either party, the other party shall have the right to declare this contract forfeited, and the terms and agreements herein contained shall, upon such declaration being made in writing, be and become thenceforth null and void."

KRETZINGER & KRETZINGER, for appellant; HOLT, CUTTING & SIDLEY, of counsel.

JONES, ADDINGTON, AMES & SEIBOLD, for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

## Abstract of the Decision.

1. PLEADING, § 117*—*what is effect of failure to traverse.* In an action of assumpsit on a contract for breach of employment to which a plea of the statute of limitations was interposed, *held* that the failure to traverse material allegations in the plaintiff's replication constituted an admission that the action was brought within a year after the dismissal of a former action, and that a certain order was not one of dismissal but one simply passing the case, and also that the former action was dismissed for want of prosecution.

2. LIMITATION OF ACTIONS, § 55*—*when action not barred.* The defense of bar by the statute of limitations to an action of assumpsit on a contract for breach of employment, for the reason that the form of action was different from that in a former suit, is not available where the stipulation of the parties is that the suit is brought for the very same cause of action as the former suit, and assumpsit was the form of action in both cases, and the declaration in each case consisted of the common counts and a special count based upon the alleged breach.

3. LIMITATION OF ACTIONS, § 55*—*when remedy in second action not different.* The remedy was not different so as to allow the bar by statute of limitations to an action of assumpsit for breach of a contract of employment, where the former action was commenced before the expiration of the term of the contract, and the amount of damages then recoverable was limited to the actual loss to the date of the trial, and such case was dismissed after the expiration of the term of employment, and the amount of damages recoverable in the second suit was larger, the measure of damages remaining the same.

4. MASTER AND SERVANT, § 30*—*when may discharge under agreement for "satisfactory" services.* Where a person enters a contract of employment for a term of years, providing for payment of an annual salary at stated monthly periods during the term, or such portions of the term as the services of the employee shall be satisfactory to the employer, such employer, acting in good faith, stating that the services performed have been unsatisfactory, and refusing to accept the services performed, may discharge the employee, as the employer is the sole judge of the services rendered.

5. MASTER AND SERVANT, § 30*—*when contract of employment*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*breached.* The failure to render satisfactory services under a contract of employment requiring such services constitutes a substantial breach of the contract.

6. MASTER AND SERVANT, § 30*—*how contract construed as to power to discharge.* In an action of assumpsit for damages for breach of a contract of employment, evidence *held* to establish that the parties did not construe contract so as to exclude any right in the employer to discharge employee if his services were unsatisfactory.

7. MASTER AND SERVANT, § 30*—*when good faith in discharging material.* Where the trial court does not consider the question of good faith of an employer in discharging an employee because his services were unsatisfactory under a contract of employment permitting a discharge for such reason, a new trial should be granted.